**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

MICHAEL CLARK, et al.,

                                        Plaintiffs,

              v.                                                    No. 1:16-CV-740
                                                                    (BKS/CFH)

UNITED STATES OF AMERICA, et al,

                                        Defendants.

_____

**CHRISTIAN F. HUMMEL**
**U.S. Magistrate Judge**

**APPEARANCES:**                        **OF COUNSEL:**

Michael Clark
671 Sacandaga Road
Fort Johnson, New York 12070
Plaintiff pro se

Kathleen Clark
110 Brookline Road, Apt. G-9
Ballston Spa, New York 12020
Plaintiff pro se

Ian Clark
110 Brookline Road, Apt. G-9
Ballston Spa, New York 12020
Plaintiff pro se

Noah Clark
110 Brookline Road, Apt. G-9
Ballston Spa, New York 12020
Plaintiff pro se

**REPORT-RECOMMENDATION AND ORDER**

Plaintiffs pro se Michael Clark, Kathleen Clark, Ian Clark, and Noah Clark

(collectively "plaintiffs," where appropriate)[1] commenced this action on June 23, 2016 with the filing of a complaint and a motion to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 2. Upon review of plaintiff's IFP application, the undersigned concludes that plaintiffs may properly proceed IFP.[2] See Dkt. No. 2.

## A. Initial Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. As plaintiff is representing himself, the court is to consider his claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

---

[1] Michael Clark indicates that Noah and Ian Clark are his children and that Kathleen Clark is his ex-wife. It us unclear if his children are minors or adults. Further, Kathleen Clark has not signed the complaint. A handwritten note next to Kathleen Clark's name at the end of the complaint, apparently written by Michael Clark, states that she could not sign "at this time due to medical disability." In a prior action, this Court dismissed claims on behalf of Kathleen, Ian, and Noah Clark, indicating that "[p]laintiff is not an attorney, and thus may not represent the claims of any other person - including any children" and that "[p]laintiff may not bring claims in this action on behalf of any minor children." Clark v. Cuomo, et al., 6:13-CV-799, Dkt. No. 55 at 1 n.1. In the caption to this complaint, plaintiff Michael Clark indicates that all plaintiffs are "all as a family filing individually." See 1:16-CV-740 (BKS/FH), Compl. at 1.

[2] Plaintiff is advised that, although her IFP application has been granted, she will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

## B. Procedural Background

Plaintiff Michael Clark has filed two related cases arising out of the factual allegations currently pending in this complaint, <u>Clark v. New York State Unified Court System, 4th Judicial District et al.</u>, 6:12-CV-745 ("<u>Clark I</u>") and <u>Clark, et al. v. Cuomo, et al.</u>, 6:13-CV-779 (DNH/TWD) ("<u>Clark II</u>").[3]  In "<u>Clark I</u>," plaintiff Michael Clark named as defendants the New York State Unified Court System, 4th Judicial District; the New York State Court of Appeals; the Appellate Division, Third Department; Fulton County Supreme Court; Schenectady County Family Court; New York State Office of Temporary and Disability Assistance; Schenectady County; and Fulton County.  <u>See</u> 6:12-CV-745 at Dkt. No. 1.  In an Order and Report-Recommendation by Magistrate Judge Dancks, adopted in full by District Judge Hurd, the Court, after granting plaintiff's IFP application, determined that (1) plaintiff's claims against the New York State Unified Court System, New York State Court of Appeals, New York State Office of Temporary Disability Assistance, Fulton County Supreme Court, and Schenectady County Family Court failed to state a claim under section 1983 as "Courts and state agencies are not 'persons' for the purposes of § 1983'" and because these courts and agencies were "immune from suit pursuant to the Eleventh Amendment"; (2) plaintiff failed to state a claim against Schenectady and Fulton counties because "'a [municipality] may not be held for the actions of its employees or agents under a theory of respondeat superior'" and plaintiff "does not allege any facts plausibly suggesting that either Schnectady [sic]

---

[3]  Copies of the Report-Recommendation and Order or Decision and Order in <u>Clark I</u> and <u>Clark II</u> are provided to plaintiffs with their copy of this Report-Recommendation and Order.  Further, any unpublished decisions cited herein are also provided to plaintiffs.

3

or Fulton County had an official policy or custom that caused Plaintiff to be subjected to the denial of any constitutional right."; (3) "even if Plaintiff had not named any individuals in this action or stated a <u>Monell</u> claim, the complaint would still be subject to <u>sua sponte</u> dismissal under the <u>Rooker-Feldman</u> doctrine." <u>See</u> Dkt. No. 10. The Magistrate recommended dismissal without leave to amend. <u>Id.</u> at 6. Judge Hurd adopted the Order and Report-Recommendation and dismissed plaintiff's complaint in its entirety without leave to amend. Dkt. No. 15. Plaintiff appealed Judge Hurd's Decision and Order. Dkt. No. 20. The Second Circuit dismissed plaintiff's appeal. Dkt. No. 23.

In <u>Clark II</u>, commenced in July 2013, plaintiff Michael Clark named as defendants: New York State Governor Andrew Cuomo; New York State Attorney General Eric Schneiderman; the Unified Court System of the State of New York, Fourth Judicial District; the New York State Court of Appeals; the Appellate Division, Third Department; the Fulton County Supreme Court; Schenectady County Family Court; the New York State Office of Temporary Disabilities and Assistance[4]; Fulton County; Schenectady County; National Grid Power Corporation; Gloversville Police Department; New York State; Assistant Attorney General William J. McCarthy; Allyson Levine; Judge Vito Caruso; New York State Court of Appeals Chief Judge Jonathan Lippman; New York State Court of Appeals Associate Justice Victoria Graffeo; New York State Court of Appeals Associate Justice Susan Phillips Read; New York State Court of Appeals Associate Justice Robert Smith; New York State Court of Appeals Associate Justice

---

[4] The undersigned provides the named parties exactly as they are listed on the docket.

4

Eugene F. Pigott, Jr.; Thomas Mercure, Appellate Division, Third Department Justice; Bernard Malone, Appellate Division, Third Department Justice; William McCarthy, Appellate Division, Third Department Justice; Kavanaugh, Appellate Division, Third Department Justice; Karen Peters, Appellate Division, Third Department Justice; Stein, Appellate Division, Third Department Justice; Edward Spain, Appellate Division, Third Department Justice; John Egan, Jr., Appellate Division, Third Department Justice; Garry, Appellate Division, Third Department Justice; John Lathinen, Appellate Division, Third Department Justice; James Ranous, Clerk; Jeff Weyant, Clerk; Ed Ryan, Attorney; Judge Richard Aulisi, Fulton County Supreme Court; Judge Richard Giardino, Fulton County Supreme Court; Judge Felix Carena, Fulton County Supreme Court; Judge Mark Powers, Schenectady County Family Court; Judge Joanne Assini, Schenectady County Family Court; Support Magistrate Colleen Quirion; Support Magistrate John Ellis, Schenectady County Family Court; Support Magistrate James Densmore, Schenectady County Family Court; Support Magistrate Richard Diamatteo, Schenectady County Family Court; Clerk Melissa Mills, Schenectady County Family Court; Clerk Denise Riggi, Schenectady County Family Court; Clerk Lisa Tricozzi, Schenectady County Family Court; Clerk Beth Kelly, Schenectady County Family Court; Maria Vidal, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Mark Lahey, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Gregg Harrington, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Kelly Vilgante, New York State Office of Temporary and Disability Assistance

5

and Office of Administrative Hearing; David Hansell, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Scott E. Cade, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Alice Callahan, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Orrie Eihacker, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; John Bush; William Eschiler, Fulton County; John Rodgers, Fulton County; Ann Solar, Fulton County; Sherda Cooper, Fulton County; Sheriff Scott McCoy, Fulton County; Shannon Smith, Fulton County; Dennis Packer, Fulton County; Mary Carol Hart, Schenectady County; William Zilberman, Schenectady County; Chris Gardner, Schenectady County; Fred Goldman, Schenectady County; Michael Godlewski, Schenectady County; Mark Caruso, Schenectady County; Jean Carney, Schenectady County; James Martin,  Schenectady County; Sheriff Varum, Schenectady County; Sheriff Johnson, Schenectady County; Kevin Burke, Schenectady County; Shannon Rinders, National Grid Power Corp.; and C. Enders, Gloversville Police Department. See Dkt. Nos. 1, 4.

Senior District Judge McAvoy, in Clark II, granted plaintiff's IFP application, and dismissed plaintiff's amended complaint sua sponte, for lack of subject matter jurisdiction, frivolousness, and failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  See Clark II, 6:13-CV-799, Dkt. No. 55.  The Court noted that plaintiff's complaint appeared to be based on allegedly fraudulent orders relating to child support matters that arose in Schenectady Family Court, his

6

eventual incarceration and wage garnishment due to his failure to pay such child support, and the termination of his utility services at his residence due to failure to pay his bill.  Id. at Dkt. No. 55 at 2.  Plaintiff alleged "that every state court and agency that issued decisions regarding the challenges to his order is corrupt" and that there are "widespread conspiracies among a variety of government and private actors in the State of New York to deprive him of his rights."  Id.  Plaintiff sought "'expunge[ment] . . . of decisions made in the Third Appellate (sic), Fulton County Supreme Court and Schenectady County Family Court'" and "$200 million in damages for '54 years of Civil Rights violations.'"  Id.

The Court in Clark II determined that (1) under Rooker-Feldman, the Northern District of New York lacked jurisdiction to review the validity of state court judgments; (2) the Amended Complaint failed to state a claim upon which relief could be granted because (a) claims against the New York State Court of Appeals, Appellate Division Third Department, Fulton County Supreme Court, Schenectady County Supreme Court, Vito Caruso, Lippman, Mecure, Malone, McCarthy, Cavanaugh, Peters, Rose, Stein, Spain, Egan Jr., Garry, Lathinen, Aulisi, Giardino, Catena, Powes, Assini, Quiron, Ellis, Densmore, and DiMatteo were barred by the doctrine of judicial immunity and plaintiff had not "plead enough facts in his Amended Complaint to plausibly suggest that any of the named judges acted outside the scope of his or her judicial capacity," (b) claims against the named judges insofar as plaintiff "alleges a general conspiracy between state court judges" were also insufficient because, under 42 U.S.C. § 1985, plaintiff failed to demonstrate "how, when, or why these judges colluded and formed these

7

alleged schemes," rendering his claims of conspiracy insufficient; (c) claims against the Appellate Division Third Department Clerks, Ranous and Weyant; Schenectady County Family Court Clerks, Mills and Riggi; Fulton County Family Court Clerk Tricozzi; and Fulton County Family Court Attorney Kelly for "fail[ure] to respond to requests for documents and 'conceal[ed] evidence' failed to state a claim, and, further, the court clerks had quasi-judicial immunity as the tasks they performed "were undertaken either at the direction of the judge or in accordance with the court's rules" and "all of the acts were performed in furtherance of the judicial process"; (d) claims against New York State were barred by the Eleventh Amendment; (e) claims against the Unified Court System, New York State Court of Appeals, Appellate Division, Third Department, Fulton County Supreme Court, Schenectady County Family Court, New York State Office of Temporary and Disability Assistance, and Office of Administrative Hearings were also barred by the Eleventh Amendment; (f) claims against Fulton County, Schenectady County, and the City of Gloversville were insufficient because plaintiff's amended complaint was "[d]evoid of sufficient factual allegations suggesting that his constitutional rights were violated by customs or official policies adopted in Fulton County, Schenectady County, or the City of Gloversville"; (g) claims against defendant Bush, a hearing officer at OTDA, were barred by the doctrine of judicial immunity; (h) claims against Cuomo and Schneiderman for failure to intervene were barred by the doctrine of sovereign immunity and the Eleventh Amendment, and, insofar as plaintiff sought to set forth supervisory liability claims against these defendants, plaintiff failed to allege the personal involvement of either Cuomo and Schneiderman; (i) claims against William

McCarthy, an Assistant Attorney General, were barred by prosecutorial immunity; (j) claims against law enforcement officers Johnson, Varum, and McCoy for what appeared to be false arrest and imprisonment failed to state a claim because "[p]laintiff does not allege that his conviction, related to defaulted payment of child support, has been overturned"; (k) claims against defendant Enders, a patrolman in the Gloversville Police Department did not allege a constitutional violation; (l) claims against defendants National Grid and Rinders, an employee, were barred because neither National Grid or Rinders were state actors under Section 1983, and plaintiff failed to demonstrate that either National Grid or Rinders were parties to a conspiracy in order to proceed with such claim against private individuals under section 1983; (m) claims against defendants Vidal, Harrington, Rodgers, Hart, Zilberman, Gardner, Goldman, Godlewski, Mark Caruso, Carney, and Martin did not plead enough facts to demonstrate the personal involvement of any of these defendants in violating his constitutional rights; and (n) claims against defendants Levine, Graffeo, Read, Robert Smith, Pigott Jr., Curry, Mills, Lahey, Vilgante, Hansell, Cade, Callahan, Eihacker, Eschler, Solar, Cooper, Shannon Smith, Packer, and Burke fail as plaintiff did not allege any of these defendants' personal involvement in the violation of plaintiff's constitutional rights. See generally Clark II, 6:13-CV-799 at Dkt. No. 55. Thus, the Court dismissed plaintiff's action and warned plaintiff that continued pursuit of frivolous actions int his Court could result in "future filing restrictions." Id. at 19 (citing Hong Mai Sai v. Doe, 406 F.3d 155, 158 (2d Cir. 2005). In light of plaintiff's pro se status, the complaint in Clark II was dismissed without prejudice. Id.

Plaintiff appealed the Court's determination in <u>Clark II</u>.  <u>Clark II</u>, 6:13-CV-799 at Dkt. No. 58.   The Second Circuit dismissed plaintiff's appeal.  Dkt. No. 67.  Plaintiff filed a Rule 60(b) motion for relief from Judgment or Order.  Dkt. No. 71.  The Court denied plaintiff's Rule 60(b) motion.  Dkt. No. 73.  Plaintiff appealed the denial of his Rule 60(b) motion.  Dkt. No. 74.  The Second Circuit denied plaintiff's motion to appeal and other requests for relief.  Dkt. No. 80.

### C.  Current Complaint

#### 1.  General Overview

Newly named as in the complaint in this action are the United States of America, the Department of Justice; the Administration of Children and Families; U.S. Magistrate Judge Therese Wiley Dancks; U.S. Magistrate Judge David Peebles; U.S. Bankruptcy Judge Robert E. Littlefield; U.S. District Judge David Hurd; U.S. District Judge Thomas McAvoy; Second Circuit Judges Denny Chin, Reena Raggi, Robert D. Sack, Robert A. Katzman, Jose A. Cabranes, Christopher F. Droney; U.S. Attorney Richard Hartunian and Assistant U.S. Attorney Richard Bellis; Vicki Turetsky, Commissioner, Federal OCSE; Samuel D. Roberts, Commissioner of the Office of Temporary and Disability Assistance; Department of Health and Human Services[5]; Jonathan Hitsous; Kirsten Powers; Kathleen Whelan; Ed Jasecwic; and J. Reppahagan.  <u>See</u> Dkt. No. 1

---

[5] Although plaintiff does not name the Department of Health and Human Services in the caption of his complaint, he sets forth a claim against them.  <u>See</u> Compl. at 7 ("Violation of Title 42 Chapter 7, Part D by the Department of Health and Human Services").  Giving plaintiff due solicitude, the undersigned concludes that plaintiff intends to name the Department of Health and Human Services as a defendant in this action.

("Compl.").

Plaintiff also names as defendants many of the defendants who were terminated in his prior actions. See Clark I and Clark II. These defendants are Governor Andrew Cuomo, Attorney General Eric Schneiderman; Chief Judge of the New York State Court of Appeals Jonathan Lippman; Court of Appeals Judges Victoria Graffeo, Susan Phillips Read, Robert Smith, and Eugene Pigott, Jr.; Appellate Division, Third Department Justices Thomas Mercure, Bernard Malone, William McCarthy, Michael Kavanaugh, Karen Peters, Robert Rose, Leslie Stein, Edward Spain, John Egan Jr., Garry, John Latinen; New York State Unified Court System[6]; Fulton County Supreme Court Judge Richard Aulisi; Fulton County Supreme Court Judge Richard Giardino; Schenectady County Family Court Judge Mark Powers; Schenectady County Family Court Judge Joanne Assini; Schenectady County Family Court Support Magistrate John Ellis; Schenectady County Support Magistrate James Densmore; Schenectady County Support Magistrate Richard Dimatteo; New York State Office of Temporary and Disability Assistance and Office of Administration Hearings[7]; Maria Vidal, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearing; Mark Lahey, New York State Office of Temporary and Disability Assistance

---

[6] Although not named in the caption of his complaint, plaintiff mentions the New York State Unified Court System within the body of his complaint. Giving plaintiff due solicitude, the undersigned will assume plaintiff intended to name the New York State Unified Court System as a defendant in this action, as he has done in both Clark I and Clark II. Compl. at 8, 10

[7] Plaintiff attempted to sue this agency in Clark II under the title NYS Office of Temporary Disabilities and Assistance. In Clark II action, he did not individually sue the "Office of Administration Hearings," instead grouping it with the NYS Office of Temporary Disabilities and Assistance; however, the Court acknowledged that the two were separate agencies. Clark II, Dkt. No. 55 at 11 n.6.

and Office of Administrative Hearings; Maria Vidal, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; Greg Harrington,[8] New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; Kelley Viligante,[9] New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; David Hansel,[10] New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; Scott Cade,[11] New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; Alice Callahan, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; Orrie Eihacker, New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; John Bush,[12] New York State Office of Temporary and Disability Assistance and Office of Administrative Hearings; Court clerks James Ranous, Jeff Weyant, Melissa Mills, Denise Riggi, Lisa Tricozzi, and Beth Kelley[13]; Schenectady County employees Dennis Packer, Mary Carol Hart, William Zilberman, Chris Gardner, Fred

---

[8] In Clark II, plaintiff spelled this defendant's name as Gregg Harrington. However, it is clear that this is the same individual. See Clark II, 6:13-CV-799.

[9] In Clark II, plaintiff spelled this defendant's name as Kelly Vilgante. However, it is clear that this is the same individual. See Clark II, 6:13-CV-799.

[10] In Clark II, plaintiff spelled this defendant's name as David Hansell. However, it is clear that this is the same individual. See Clark II, 6:13-CV-799.

[11] In Clark II, plaintiff sued this defendant under the name Scott E. Cade. It is clear that this is the same individual. See Clark II, 6:13-CV-799.

[12] In Clark II, plaintiff sued this defendant as H.O. Bush, a hearing officer. It is clear that this is the same individual as that sued in the 2013 action. See Clark II, 6:13-CV-779.

[13] In Clark II, plaintiff spelled this defendant's name as Beth Kelley. It is clear that this is the same individual. See Clark II, 6:13-CV-779.

Goldman, Michael Godlewski, Mark Caruso, Jean Carney, James Martin; Corrections Officers Varnum and Johnson; Fulton County employees William Eschlear,[14] John Rodgers, Ann Solar, Sherdya Cooper[15], and Shannon Smith; Fulton County Sheriff Scott McCoy; National Grid employee Shannon Rhydners[16]; Schenectady County; Fulton County; Gloversville Police Department; and C. Enders.

Plaintiff contends that he sets forth the following causes of action (1) "[v]iolations of the first, fourth, fifth, sixth, eighth and fourteenth amendment" [sic]; (2) "[f]raud and fabricated evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963); (3) "[c]onspiracy under First Amendment and 42 U.S.C. 1985 (2 &3)"; (4) "[a]buse of process"; (5) "Federal Tort Claims and Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971); (6) "[f]alse imprisonment and Malicious Prosecution"; (7) "[d]enial of phone call from jail"; (8) "[b]reach of fiduciary duty"; (9) "[v]iolation of notice"; (10) "[v]iolation of the First Amendment right to read Court Orders; (11) "[v]iolations of Freedom of Information; (12) "[i]ntentional infliction of emotional distress"; (13) "Fourth Amendment Right to Illegal Seizure"; (14) "[v]iolation of State Judicial procedures (Denial of trial transcript to Appellate Attorney)"; (15) "[v]iolation of due process Clause and Substantive Due Process"; (16) "[v]iolation of Discretionary Functions"; (17) "[d]enial of leave to amend"; (18) "[d]enial of in forma pauperis status"; (19) "[d]enial of

---

[14] In Clark II, plaintiff spelled this defendant's name as William Eschiler. It is clear that this is the same individual. See Clark II, 6:13-CV-779.

[15] In Clark II, plaintiff spelled this defendant's name as Sherda Cooper. It is clear that this is the same individual. See Clark II, 6:13-CV-779.

[16] In Clark II, plaintiff spelled this defendant's name as Shannon Rinders. It is clear that this is the same individual. See Clark II, 6:13-CV-779.

right to a Writ of Mandamus"; (20) "[v]iolation of Federal Rules and Procedures (Rule 2072)"; (21) "[v]iolation of Administrative Functions (Docket Practice) <u>Forrester v. White</u> 484 U.S. 219 (1988); (22) "[v]iolation of Injunctive Relief, <u>Pulliam v. Allen</u> 466 U.S. 522 (1984); (23) "[v]iolation of administrative and judicial review under 42 U.S.C. 666"; (24) "[v]iolation of separation of powers between state and federal courts"; (25) "[v]iolation of the Supremacy Clause concerning state courts"; (26) "[v]iolation of Judicial Immunity, Absolute Immunity, and Qualified Immunity (ruling in favor of a county that was terminated) <u>Monell v. Dep't of Social Service</u>, 436 U.S. 658 (1978); (27) "[d]efamation of Character"; (28) "[d]estruction of credit and credibility"; (29) "[v]iolation of Rule of Law"; (30) "[v]iolation of freedom of speech and the opportunity to be heard, <u>Grannis v. Odean</u>, 234 U.S. 385 (1914); (31) "[i]ntentional oppression 18 U.S. 21; (32) "[v ]iolation of Benefits(Food stamps and Public Assistance) <u>Goldberg v. Kelly</u> 397 U.S. 254 (1970); (33) "[v]iolation of Right to Passport and Tax Refunds'; (34) "[v]iolation of Right to Travel (Illegal Drivers Right Suspenstion [sic])"; (35) "[v]iolation of Physical Freedom"; (36) "[o]bstruction of Justice"; (37) "[i]ntentional Conscious Avoidance of Issues"; (38) "[l]ack of subject matter jurisdiction and personal jurisdiction and refusal to address taking notice and the opportunity to be heard under Rule of Evidence Rule 201"; (39) "[r]efusal to serve papers forcing the plaintiff to do serve his own papers"; (40) "[i]neffective Counsel"; (41) "[d]enial of Right to a Public Trial"; (42) "[v]iolation of Title 42 Chapter 7, Part D by the Department of Health and Human Services"; (43) "[d]enial of the Right to Recusal by the State and the Neutrality Requirement <u>Marshal v. Jericho</u> 446 U.S. 238 (1980); (44) "[i]llegal use of the <u>Rooker-Feldman</u> Doctrine"; (45) "[c]onspiracy to Defraud

14

the United States 18 U.S.C. 371; (46) "[t]heft of money." Compl. at 5-7. Plaintiff demands $230 million in damages. Id. at 16.

Plaintiffs' complaint in this action, much like those in Michael Clark's prior two actions, is very difficult to comprehend and parse out. See Compl. As in his 2012 and 2013 actions, plaintiffs contend that a fraudulent order was entered against Michael Clark, apparently for child support, in 2006. Very liberally read, plaintiffs seek to recover damages arising out of a series of civil rights violations resulting from various judges, judicial staff, and agencies' various conspiracies. Plaintiffs contend that this entire action arises out of a "non-existent court order of 8/26/05" of which he has never received or read. Compl. at 3. Plaintiffs also refer to a bankruptcy action which they allege violated a "property settlement agreement" apparently related to an agreement that Michael Clark would make certain payments "in lieu of child support." Id. Plaintiffs argue that there exists a conspiracy, apparently within the New York State Unified Court system and federal courts, relating to a 2008 investigation, and various court dates in 2006 and 2007 in . Id. at 10.

Although plaintiff sets forth forty-six causes of action, they does not identify against which defendants he intends to bring each claim against. Many claims set forth as causes of action are not addressed anywhere in the complaint. See Compl. at 6-7.


2. **Subject Matter Jurisdiction**

In Clark II, this Court provided that the Rooker-Feldman doctrine "recognizes that, with the exception of the United States Supreme Court, federal courts are not

authorized to exercise appellate jurisdiction over state-court judgments." <u>Clark II</u>, 6:13-CV-779, Dkt. No. 55 at 5 (citing <u>McKithen v. Brown</u>, 481 F.3d 89, 96 (2d Cir. 2007)). For the reasons stated in Judge McAvoy's January 17, 2014 Decision and Order, the undersigned concludes that this Court lacks subject matter jurisdiction to the extent plaintiff seeks the Court to review various state court orders. <u>See</u> <u>Clark II</u>, Dkt. No. 55 at 5-7 (holding that plaintiff's complaint, insofar as it sought to have the Court review state court orders, is barred by the <u>Rooker-Feldman</u> doctrine).

### 2. **Claims against United States of America**

Plaintiff names the United States of America as a defendant, though it is not clear which claims he seeks to pursue against the United States. However, the United States is protected from suit unless Congress has expressly articulated an exception to their immunity, which it has not done. <u>See</u> <u>United States v. Sherwood</u>, 312 U.S. 584 (1941) (holding that the United States has sovereign immunity from suit and can only be sued with its consent and pursuant to the terms Congress may impose).

Accordingly, it is recommended that all claims against the United States of America be dismissed with prejudice and without opportunity to amend.

### 3. **Claims against New York State Governor Andrew Cuomo and New York State Attorney General Eric Schneiderman**

Plaintiffs' only allegations against the Governor and the Attorney General are that they refused plaintiffs the opportunity to see or read certain court orders apparently

associated with child support matters.  Compl. at 10.  However, plaintiffs fail to demonstrate how the Attorney General or Governor would be personally involved in a denial of a request for a state court order or transcript.

Giving plaintiffs due solicitude, it is possible that plaintiffs are seeking to raise similar arguments to those raised in Clark II.  Insofar as plaintiffs seek to set forth claims against these elected officials, for "failing to intervene in his case" as he attempted to do in Clark II, such claims are dismissed for failure to state a claim upon which relief can be granted as set forth in Judge McAvoy's January 2014 Decision and Order.  See 6:13-CV-799 at 13-14.

Accordingly, it is recommended that all claims against New York State Governor Andrew Cuomo and New York State Attorney General Eric Schneiderman be dismissed with prejudice.


### 4. Claims against U.S. Attorney Richard Hartunian and Assistant U.S. Attorney Richard Bellis

Plaintiffs seek to sue U.S. Attorney Richard Hartunian and Assistant U.S. Attorney Richard Bellis pursuant to Bivens v. Six Unknown Named Fed. Narcotics Agents, 403 U.S. 388 (1971).  First, "it is well established that prosecutors have absolute immunity from suits premised upon actions they took within the scope of their prosecutorial duties."  Hill v. Donoghue, 815 F. Supp. 2d 583, 586 (E.D.N.Y. Sept. 2, 2011) (citing Cleavinger v. Saxner, 474 U.S. 193, 2000 (1985).  Furthermore, U.S. Attorney Hartunian and A.U.S.A. Richard Bellis' names appear only in the caption of the

17

complaint. They are not mentioned anywhere in the body of the complaint. "Under

Bivens, as under § 1983, a defendant's 'personal involvement' in an alleged deprivation

of constitutional rights is a prerequisite to an award of damages." Marsden v. Fed.

Bureau of Prisons, 856 F. Supp. 832, 835 (2d Cir. 1994) (citing Gill v. Monney, 824 F.2d

192, 196 (2d Cir. 1987)).

Accordingly, it is recommended that all claims against U.S. Attorney Richard

Hartunian and A.U.S.A. Richard Bellis be dismissed with prejudice.

### 5. Claims against New York State Court of Appeals Judges and Appellate Division, Third Department Justices: Chief Judge Jonathan Lippman; Judge Victoria Graffeo; Judge Susan Phillips Read; Judge Robert Smith; Judge Eugene Pigott, Jr.; Justice Thomas Mercure; Justice Bernard Malone; Justice William McCarthy; Justice Michael Kavanaugh; Justice Karen Peters; Justice Robert Rose; Justice Leslie Stein; Justice Edward Spain; Justice John Egan, Jr., Justice Garry; Justice John Lathienen; Judge Richard Aulisi; Judge John Ellis; Judge James Denmore[17]; Judge Mark Powers, Judge Felix Catena, Judge Richard Giardino, Judge Joanne Assini, Judge Richard Dimatteo, and Judge Colleen Quirion

All claims against these defendants were dismissed in Clark II due to judicial

immunity. Plaintiffs have failed to set forth any claims against these named judges to

demonstrate that any of these judges have "take[n] action 'outside' his or her judicial

capacity'" or "take[n] an action that, although judicial in nature, is taken 'in absence of

jurisdiction.'" Mireles v. Waco, 502 U.S. 9, 9-10 (1991); Clark II, Dkt. No. 55 at 7.

Plaintiffs argue that the judges in this action are not entitled to judicial immunity

---

[17] The caption does not include a comma between John Ellis and James Denmore; thus, the docket reflects John Ellis and James Denmore as one defendant. The Clerk of the Court is directed to correct the docket to indicate that plaintiff seeks to sue both John Ellis and James Denmore.

18

apparently because the various judges have declined to grant him the relief sought and because the judges are engaged in a conspiracy to "cover-up" the "truth," which plaintiffs say is the fact that "decisions made against the plaintiff's [sic] are based on a court order that doesn't exist and another order, never seen or read by the plaintiff's [sic]." 16-CV-740, Compl. at 8-9.

Plaintiffs contend that this case is governed by O'Shea v. Littleton, 414 U.S. 488 (1974) which they contend stands for the proposition that judges are not entitled to judicial immunity "for criminal acts in his judicial capacity, as FRCPS 18 & 241, and 245, are related to the docket practice and oppression of my declaratory divorce decree." Compl. at 8.  In O'Shea, various individuals brought a class action against a county magistrate judge and associate judge of a count circuit court, contending that the judges violated their constitutional rights and civil rights under the color of state law relating to their practices of bond setting, sentencing, and jury fee practices.  Id.  The Supreme Court concluded that the plaintiff failed to allege a case or controversy as "none of the named plaintiffs is identified as himself having suffered any injury in the manner specified, the claim alleging injury is in only the most general terms, and there are no allegations that any relevant state criminal statute is unconstitutional on its face or as applied or that plaintiffs have been or will be improperly charged with violating criminal law."  Id. at 488.

To the extent plaintiffs may have cited to Littleton because the underlying Appellate Court, the Seventh Circuit, had remanded to the District Court under the holding that "issuance of injunctions against judicial officers was not forbidden if their

conduct was intentionally racially discriminatory against a cognizable class of persons," the undersigned here notes that even if <u>O'Shea</u> stands for this proposition, even under the most liberal reading of the complaint, plaintiffs have failed to demonstrate that any of the judges sued herein engaged in criminal conduct. However, to the extent plaintiffs suggest that the judges were involved in some kind of conspiracy to violate his rights, judicial immunity would still apply. <u>See</u> <u>Marino v. Jonke</u>, 11-CV-430 (VB), 2011 WL 3251585, at *2 (S.D.N.Y. June 30, 2011) (citing <u>Dorman v. Higgins</u>, 821 F.2d 133, 139 (2d Cir. 1997) ("[S]ince absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity.").

As stated in Judge McAvoy's Memorandum-Decision and Order in <u>Clark II</u>, because plaintiffs have not proven that defendants acted outside of their judicial capacity or in absence of jurisdiction, plaintiffs' claims against these defendants are barred by judicial immunity. Accordingly, it is recommended that all claims against Chief Judge Jonathan Lippman, Judge Victoria Graffeo, Judge Susan Phillips Read, Judge Robert Smith, Judge Eugene Pigott, Jr., Justice Thomas Mercure, Justice Bernard Malone, Justice William McCarthy, Justice Michael Kavanaugh, Justice Karen Peters, Justice Robert Rose; Justice Leslie Stein; Justice Edward Spain; Justice John Egan, Jr., Justice Garry; Justice John Lathienen; Judge Richard Aulisi; Judge John Ellis; Judge James Denmore; Judge Mark Powers, Judge Felix Catena, Judge Richard Giardino, Judge Joanne Assini, Judge Richard Dimatteo, and Judge Colleen Quirion be

dismissed with prejudice and without opportunity to amend.

6. **Claims against U.S. Magistrate Judge Thérèse Wiley Dancks, U.S. Magistrate Judge David Peebles; U.S. Bankruptcy Judge Robert E. Littlefield; U.S. District Judge David Hurd, U.S. District Judge Thomas McAvoy; Second Circuit Judges Judge Denny Chin, Judge Reena Raggi, Judge Robert D. Sack, Chief Judge Robert A. Katzman, Judge José A. Cabranes, and Judge Christopher F. Droney**

Plaintiff Michael Clark did not name these judges as defendants in his prior two

federal actions. Plaintiffs contend that Judge McAvoy, apparently referring to Clark II,

"committed fraud on the docket, consciously avoiding the truth and refused to properly

place representation on parties that were to be represented by the Attorney General's

Office" and also "violated the neutrality requirement in his decision, ruled against my ex-

wife and children in total disregard for their rights." Compl. at 13-14. Plaintiffs further

indicate that the federal judges misapplied the Rooker-Feldman doctrine.

Insofar as plaintiffs believe that the judges of the Northern District of New York

have misapplied the Rooker-Feldman doctrine, the proper remedy for that alleged error

is an appeal to the Second Circuit. Plaintiff Michael Clark appealed Judge McAvoy's

January 2014 Decision and Order concluding that plaintiff Michael Clark's claims

seeking review of state court orders was barred by the Rooker-Feldman doctrine, an

that appeal was dismissed by the Second Circuit. See Clark II, Dkt. No. 67. Plaintiffs

only remedy insofar as they allege misapplication of the Rooker-Feldman Doctrine in

Clark II is to seek review by the Supreme Court of the United States. Regarding any

other aspect of law, or denial of mandamus, in forma pauperis status, or leave to

amend, the proper remedy for that alleged error is to seek review in either the Second

Circuit or Court of Appeals.

Furthermore, as indicated above in the undersigned's discussion of the claims against the state court judges, the judges of the United States District Court for the Northern District of New York and for the United States Court of Appeals for the Second Circuit are immune from suit. Plaintiffs have failed to set forth any claims against these named judges to demonstrate that any of these judges have "take[n] action 'outside' his or her judicial capacity'" or "take[n] an action that, although judicial in nature, is taken 'in absence of jurisdiction.'" Mireles v. Waco, 502 U.S. 9, 9-10 (1991). Accordingly, it is recommended that all claims against U.S. Magistrate Judge Thérèse Wiley Dancks, U.S. Magistrate Judge David Peebles; U.S. Bankruptcy Judge Robert E. Littlefield; U.S. District Judge David Hurd, U.S. District Judge Thomas McAvoy; Second Circuit Judges Judge Denny Chin, Judge Reena Raggi, Judge Robert D. Sack, Chief Judge Robert A. Katzman, Judge José A. Cabranes, and Judge Christopher F. Droney be dismissed with prejudice and without opportunity to amend.

### 7. Claims against Department of Justice, Administration of Children and Families,[18] Federal OCSE[19], and Department of Health and Human Services

Plaintiffs, for the first time, name the United States Department of Justice, Administration for Children and Families, the Federal Office of Child Support Enforcement, and the Department of Health and Human Services, which are all federal

---

[18] It appears plaintiff is referring to the federal agency, Administration for Children and Families. See www.acl.gov (last visited Aug. 24, 2016).

[19] It appears plaintiff is referring to the Office of Child Support Enforcement. See http://www.acf.hhs.gov/css (last visited Aug. 24, 2016).

22

agencies.  Plaintiffs do not allege any specific claims against the Department of Justice, Administration for Children and Families, or the Federal Office of Child Support Enforcement.  Plaintiffs provide that the Department of Health and Human Services: (1) denied him access to certain court orders that he has requested, and (2) violated "Title 42 Chapter 7, Part D."  Compl. at 7, 10.  However, plaintiff provides no factual support for these claims.  Plaintiffs' citation appears to be to 42 U.S.C. 651, et al, which sets forth child support obligations.  The statute provides that the Secretary of the Department of Health and Human Services is to establish a unit that would, among other things, set the standards for child support programs, paternity, wage garnishment, collection of arrears from federal tax refunds, obtaining child support.  See id.  Liberally read, it appears that, in contending that the Department of Health and Human Services have "violated" this statute, plaintiff Michael Clark believes he has been forced to pay child support he does not owe, and have his wages garnished and be subject to incarceration because of failure to pay, which he suggests violates the statute.

The Supreme Court of the United States has made clear that a <u>Bivens</u> action cannot be brought against a federal agency.  <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 472 (1994).  Plaintiffs have not named any officials from these federal agencies.  However, even if plaintiffs had named the secretary of the Department of Health and Human Services as a defendant, such claim would fail as the secretary "is also entitled to statutory immunity to the extent plaintiff seeks to hold her liable for the enforcement of Title IV-D provisions.  <u>See</u> 42 U.S.C. 652(k)(3)(2006) ('The Secretary shall not be liable to an individual for any action with respect to a certification by a State agency under this

section.').” <u>Parent v. New York</u>, 786 F. Supp. 2d 516, 542 (N.D.N.Y. 2011).

Accordingly, as plaintiffs cannot proceed in a <u>Bivens</u> action against these federal agencies, it is recommended that all claims against these federal agencies be dismissed, with prejudice and without opportunity to amend.

## 8. **Vicki Turetsky, Commissioner, Federal OCSE**

Plaintiffs' complaint, beyond listing her name in the caption, makes no mention of Vicki Turetsky. First, the Eleventh Amendment bars suits against agencies and officials sued in their official capacities. <u>Graham</u>, 473 U.S. at 166. Insofar as plaintiffs seek to sue Turetsky in her official capacity, such claims are barred. <u>Id.</u> Plaintiffs indicate that they also intend to sue Turetsky in her individual capacity. Compl. at 1. However, plaintiffs have failed to set forth any allegations against Turetsky in his complaint. Her name is mentioned in the caption and nowhere else. As plaintiffs have failed to establish Turetsky's personal involvement in the violation of any of his constitutional rights, plaintiff has failed to demonstrate Turetsky's personal involvement in the violation of his constitutional rights.

Accordingly, it is recommended that all claims against Vicki Turetsky be dismissed with prejudice.

## 8. **Claims against New York State Office of Temporary and Disability Assistance**[20]

---

[20] Plaintiff sought to sue this agency in his <u>Clark II</u> under the name NYS Office of Temporary Disabilities and Assistance. <u>See</u> 6:13-CV-799, Dkt. No. 1.

24

**and Office of Administration Hearings**[21]

The only mention of the Office of Temporary and Disability Assistance is that the agency "has refused to allow me to see or read those court orders, when requested." Compl. at 10. However, plaintiffs fail to allege how the New York State Office of Temporary and Disability Assistance would have access to any Court orders or the authority to compel an agency or court with such access to provide them to plaintiffs. Plaintiffs' complaint sets forth no claims against the Office of Administration Hearing. See generally Compl. For the reasons set forth in Judge McAvoy's January 2014 Decision and Order, it is recommended that all claims against these defendants be dismissed as they are barred by the Eleventh Amendment. See Clark II, Dkt. No. 55 at 11-12 ("[T]he Eleventh Amendment bar extends to agencies and officials sued in their official capacities.") (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985).

### 9. Claims against the New York State Unified Court System

In Clark I, Judge Hurd dismissed plaintiff Michael Clark's claims against the New York State Unified Court System – which the Court determined failed to state a claim under section 1983 because "[c]ourts and state agencies are not 'persons' for he purposes of § 1983" – with without leave to amend. Clark I, Dkt. No. 10 at 6. It is unclear whether Judge Hurd intended for this dismissal to be with prejudice. See id. However, plaintiff raised claims against the New York State Unified Court system again

---

[21] In Clark II, Judge McAvoy noted that plaintiff, who sued the Office of Administrative Hearings as a defendant in that case, appeared to be referring to the New York Department of State, Office of Administrative Hearings, which appears to be a separate entity from the NYS Office of Temporary Disability Assistance. Clark II, Dkt. No. 55, at 11 n.6.

in <u>Clark II</u>.  <u>See</u> <u>Clark II</u>, Dkt. No. 1.  In <u>Clark II</u>, Judge McAvoy concluded that, as an

"arm of the state," the New Yrok State Unified Court system is entitled to sovereign

immunity.  <u>Clark II</u>, Dkt. No. 55 at 11.  Thus, Judge McAvoy dismissed plaintiff Michael

Clark's claims against the New York State Unified Court System as barred by the

Eleventh Amendment.  <u>Id.</u> at 12.  For the reasons stated in <u>Clark I</u> and <u>Clark II</u>, it is

recommended that plaintiffs' claims against the New York State Unified Court system

be dismissed with prejudice as such entity is entitled to immunity from suit.


9.  **Claims against Maria Vidal, Mark Lahey, Greg Harrington, Kelley Viligante,**
**David Hansel, Scott Cade, Alice Callahan, Orrie Eihacker**

It appears all of these defendants are employees at the New York State Office of

Temporary Disability Assistance and/or the Office of Administrative Hearings.  Plaintiff

has failed to name any of these defendants within the body of the complaint or explain

how they were personally involved in any constitutional deprivations.  None of these

defendants are named anywhere in the complaint other than the caption.  "It is well

settled that, in order to establish a defendant's individual liability in a suit brought under

§ 1983, a plaintiff must show, <u>inter alia</u>, the defendant's personal involvement in the

alleged constitutional violation."  <u>Grullion v. City of New Haven</u>, 720 F.3d 133, 138 (2d

Cir. 2013) (citing <u>Back v. Hastings on Hudson Union Free Sch. Dist.</u>, 365 F.3d 107, 122

(2d Cir. 2004) (additional citations omitted).

As plaintiffs have not alleged the personal involvement of any of these

defendants, it is recommended that all claims against them be dismissed with prejudice

and without opportunity to amend.

### 10. Claims against Court Clerks James Ranous, Jeff Weyant, Melissa Mills, Denise Riggi, Lisa Tricozzi, and Beth Kelley

First, plaintiffs fail to set forth any specific factual allegations against these defendants in his complaint. However, as noted in Judge McAvoy's January 2014 Decision in Clark II, "in certain circumstances clerks enjoy absolute quasi-judicial immunity." Clark II, Dkt. No. 55 at 9. Judge McAvoy set forth the law for assessing whether court clerks are entitled to immunity as follows:

> [s]uch immunity attaches when the clerk is performing tasks that are judicial in nature and an integral part of the judicial process, as well as to administrative functions, "if the task was undertaken pursuant to the explicit direction of a judicial officer or pursuant to the established practice of the court. Humphry v. Court Clerk for the Second Circuit, 2008 WL 1945308, at *2 (N.D.N.Y. May 1, 2008) (citing Rodriguez, 116 F.3d at 66-67).

Id. at 10. As plaintiffs have set forth no allegations against these court clerks, and, thus, has failed to demonstrate that they violated his constitutional rights in a manner outside of the confines of their judicial tasks or as part of an established practice of the Court, plaintiffs have failed to demonstrate that these defendants are not entitled to judicial immunity. As plaintiffs failed to cure the defects in his allegations against these defendants from Clark II, Id., the undersigned recommends that all claims against these defendants be dismissed with prejudice.

### 11. Claims against John Bush

Plaintiffs' complaint in this action sets forth no factual allegations against defendant John Bush.[22]  His name does not appear anywhere within the body of the complaint and there is no explanation of what claims are brought against him or how he allegedly violated plaintiff's constitutional rights.  Accordingly, it is recommended that all claims against John Bush be dismissed for lack of personal involvement.

12. **Jonathan Hitsous, Kirsten Powers, Kathleen Whelan;  and Samuel D. Roberts**

Plaintiffs' only mention of Jonathan Hitsous is that he is an attorney who "filed papers acknowledging that he was working with the Federal System against my ex-wife, children, and me."  Compl. at 14.  Plaintiffs then indicate that, apparently in relation to his Rule 60(b) motion filed in Clark II, Hitsous "again attempted to work with the federal court against me, a clear violation of the separation of powers."  Id.  First, the undersigned does not see any notice of appearance by an attorney named Jonathan Hitsous in connection with Clark II.  Further, plaintiffs' disjointed statements fail to explain how Jonathan Hitsous was at all personally involved in a violation of plaintiffs' constitutional rights.  First, factually, the court is unable to discern who Hitsous is or how he was involved in the case.  Insofar as plaintiffs seek to allege a conspiracy theory between Hitsous and the judges of the Second Circuit or the Northern District of New

---

[22]  Bush's first name and title appears nowhere within the complaint in this action.  However, there is a hearing officer Bush who was sued in Clark II.   It is unclear if John Bush is the same person as Hearing Officer Bush, who plaintiff sought to sue in Clark II.  Although the undersigned recommends dismissal against John Bush due to plaintiff's failure to demonstrate his personal involvement, the undersigned notes that if John Bush is, in fact, the hearing officer plaintiff attempted to sue in Clark II, such claims would be barred by the doctrine of "absolute judicial immunity," as set forth in Judge McAvoy's January 17, 2014 Decision and Order.  Clark II, Dkt. No. 55,a t 13.

York by alleging that he "work[ed]" with "the federal court against me," such claims fail to state a claim for relief under section 1985(3).  See United Bhd. of Carpenters and Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983).

Plaintiffs' complaint is entirely void of any factual allegations or claims against Kathleen Whelan, Kirsten Powers, and Samuel D. Roberts.  See generally Compl. Plaintiffs do not even provide these individuals' titles or set forth allegations of how these individuals violated his constitutional rights.  Grullion, 720 F.3d at 138 (2d Cir. 2013).  Accordingly, plaintiffs have not demonstrated the personal involvement of Kathleen Whelan or Kirsten Powers.  Accordingly, it is recommended that all claims against Jonathan Hitsous, Kirsten Powers, Kathleen Wahlen, and Samuel D. Roberts be dismissed with prejudice and without opportunity to amend.

### 13.  Claims against National Grid and Shannon Rhydners, Ed Jasecwizc, and Dave Murphy

Plaintiffs seek to bring claims against defendant National Grid and Shannon Rhydners, Ed Jasecwizc, and Ed Murphy, apparently employees of National Grid. Plaintiff makes no mention of their National Grid or Shannon Rhydners, Ed Jasecwizc, or Dave Murphy in his complaint beyond mentioning their name in the caption.  It is unclear which claims he seeks to set forth against them.  In Clark II, plaintiff Michael Clark sought to sue these same defendants alleging that "National Grid and one of its employees, Shannon Rinders, deprived him of his property without due process of law by terminating his utility service[,]" Clark II, apparently in connection with National Grid's

29

termination of his utility service for nonpayment.  <u>Clark II</u>, Dkt. No. 55 at 16.  There, the Court dismissed plaintiff Michael Clark's claims against National Grid and Rhydners/Rinders because these defendants were not state actors as required by Section 1983 and because plaintiff Michael Clark failed to prove their involvement in a conspiracy.  <u>Id.</u> at 16-17.

Although Judge McAvoy dismissed these claims without prejudice, plaintiffs have failed to cure the defects in his allegations against National Grid and Rhydners insofar as he has not even mentioned them within the body of the complaint.  As plaintiffs have failed to set forth any allegations against National Grid, Rhydners, Jasecwizc, and Murphy, and has not demonstrated their personal involvement in any constitutional violation, it is recommended that all claims against these defendants be dismissed with prejudice. <u>See</u> <u>Grullion</u>, 720 F.3d at 138.


### 14. **C. Enders, J. Reppahagen, Gloversville Police Department, Schenectady County, and Fulton County**

Plaintiffs' complaint does not set forth any allegations against defendant C. Enders or J. Reppahagen, who apparently are employed by the Gloversville Police Department.  Thus, plaintiffs' claims are recommended to be dismissed insofar as plaintiff has failed to allege Enders' or Reppahagen's personal involvement.  In <u>Clark II</u>, plaintiff Michael Clark solely alleged that Enders "bullied' him into allowing a National Grid employee to terminate his utility service'" which the court concluded did not state a constitutional violation. <u>See</u> <u>Clark II</u> at Dkt. No. 55 at 16.  Plaintiffs have set forth no

factual allegations or claims against Enders, and, thus, they have not cured the defect that resulted in dismissal against Enders in Clark II. As plaintiffs have failed to allege the personal involvement of Enders or Reppahagen in the violation of any constitutional right, it is recommended that such claims be dismissed with prejudice.

In Clark II, Judge McAvoy dismissed plaintiff Michael Clark's claims against the Gloversville Police Department, Schenectady County, or Fulton County, after concluding that plaintiff failed to demonstrate that any constitutional deprivation caused by the Gloversville Police Department or the counties was due to a "government custom, policy, or usage of the municipality." Clark II, Dkt. No. 55, at 12 (quoting Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012) (citing Monell v. Dept. of Soc. Servs., 436 U.S. 658 (1978)). Judge McAvoy noted that plaintiff's complaint, insofar as it sought to bring claims against the Gloversville Police Department, Schenectady County, or Fulton County "is devoid of sufficient factual allegations suggesting that his constitutional rights were violated by the customs or official policies adopted in Fulton County, Schenectady County, or Fulton County." Id. at 13. Plaintiffs' sporadic and general reference to Monell at various points in the complaint does not render a different determination. Compl. at 4 ¶2, 6. Plaintiffs' general citations to Monell, without any factual support setting forth a claim that any of these defendants acted pursuant to an official policy or custom, are conclusory and fails to state a claim under section 1983.

As plaintiffs have failed to cure the defects in his claims against these defendants to sufficiently set forth a Monell claim against them, it is recommended that all claims against this defendant be dismissed, with prejudice, because plaintiffs have

failed to cure the defect in the claims against these same defendants from <u>Clark II</u>.

### 15. Fulton and Schenectady County Employees Dennis Packer, Mary Carol Hart, William Zilberman, Chris Gardner, Fred Goldman, Michael Godlewski, Mark Caruso, Jean Carney, James Martin, William Eschlear, John Rodger, Ann Solar, Sherdya Cooper, Scott McCoy, and Shannon Smith

Plaintiffs' complaint, beyond mentioning these individuals' names within the caption, fails to set forth any factual allegations against them in the complaint. Where a plaintiff fails to set forth any allegations in the complaint explaining how the defendant deprived a plaintiff of his constitutional rights, personal involvement has not been demonstrated and dismissal is proper. <u>See</u> <u>Grullion</u>, 720 F.3d at 138. Accordingly, it is recommended that all claims against Dennis Packer, Mary Carol Hart, William Zilberman, Chris Gardner, Fred Goldman, Michael Godlewski, Mark Caruso, Jean Carney, James Martin, William Eschlear, John Rodger, Ann Solar, Sherdya Cooper, Scott McCoy, and Shannon Smith be dismissed with prejudice and without opportunity amend.

### 16. Corrections Officers Varnum and Johnson

Plaintiffs name Corrections Officers Varnum and Johnson in the caption, but mentions them nowhere else in the complaint. <u>See</u> <u>generally</u> Compl. In <u>Clark II</u>, Judge McAvoy dismissed plaintiff Michael Clark's claims against these defendants for false arrest and imprisonment under section 1983. Although plaintiffs plead no factual allegations against these defendants and it is unclear if they attempts to re-plead claims

32

of false arrest and imprisonment against these defendants, to the extent plaintiffs have

not cured the defects clearly noted in Judge McAvoy's January 2014 decision, such

claims are dismissed for the reasons set forth in <u>Clark II</u>.  <u>See</u> Clark II, Dkt. No. 55, at

15 ("Plaintiff does not allege that his conviction, related to defaulted payment of child

support, has been overturned.").  Thus, it is recommended that plaintiffs' claims against

Varnum and Smith be dismissed as plaintiffs have failed to cure the defects in <u>Clark II</u>

as plaintiffs has failed to demonstrate that Michael Clark's conviction has been

overturned.  <u>See</u> <u>id.</u>  Alternatively, insofar as plaintiffs may seek to bring any other

claims against Varnum and Johnson, it is recommended that such claims be dismissed

with prejudice for lack of personal involvement as plaintiff has not pleaded any facts to

show how defendants Varnum and Johnson otherwise violated his constitutional rights.


### III.  Conclusion

      **WHEREFORE**, for the reasons stated herein, it is

      **ORDERED**, that plaintiffs' motion to proceed <u>in forma pauperis</u> is **GRANTED**;

and it is

      **RECOMMENDED**, that the entirety of plaintiffs' complaint, dkt. no. 1, be

**DISMISSED with prejudice and without leave to amend**; and it is further

      **RECOMMENDED**, that, as plaintiff Michael Clark has have demonstrated a

pattern of filing multiple frivolous actions arising out of the same underlying facts, the

District Judge institute a bar order requiring plaintiff Michael Clark to seek permission of

the Court prior to filing any new actions in the U.S. District Court for the Northern District of New York; and it is further

**RECOMMENDED**, that plaintiffs' motion to compel discovery, dkt. no. 5, be **DISMISSED as moot**; and it is

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). <u>FAILURE TO OBJECT TO THIS REPORT WITHIN **FOURTEEN** DAYS WILL PRECLUDE APPELLATE REVIEW</u>. <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED**.

Dated: August 29, 2016
       Albany, New York

*Christian F. Hummel*

Christian F. Hummel
U.S. Magistrate Judge