UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL CLARK, et al,

        Plaintiff,

v.                                                         1:16-CV-0740 (BKS/CFH)

UNITED STATES OF AMERICA, *et al*,

        Defendants.
_____

APPEARANCES:

**Michael Clark**
Fort Johnson, NY
Plaintiff, *pro se*

**Hon. Brenda K. Sannes, United States District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Michael Clark,[1] who is proceeding pro se, and sought leave to proceed *in forma pauperis,* commenced this action on June 23, 2016. Dkt. No. 1. This matter was referred to United States Magistrate Judge Christian F. Hummel who, on August 29, 2016, issued a Report-Recommendation and Order, granting Plaintiff's motion to proceed *in forma pauperis* and recommending that the complaint be dismissed with prejudice and without leave to amend. Dkt.

---

[1] Plaintiff appears to have filed the Complaint on behalf of himself as well as his ex-wife, Kathleen Clark, and his children, Ian and Noah. Dkt. Nos. 1-2. Kathleen Clark did not sign the complaint; beneath her signature line are the words "unable to sign at this time due to medical disability." Dkt. No. 1, p. 17. It is unknown whether Plaintiff's children are minors or adults. In any event, Plaintiff is not an attorney and may not represent the claims of any other person, including his children. *Tindall v. Poultney High School Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Accordingly, the Clerk is directed to terminate "Kathleen Clark, Ian Clark and Noah Clark" as plaintiffs.

No. 6. Magistrate Judge Hummel also recommended that this Court institute "a bar order requiring plaintiff Michael Clark to seek permission of the Court *prior to* filing any new actions in the U.S. District Court for the Northern District of New York," in light of his "pattern of filing multiple frivolous actions arising out of the same underlying facts." Dkt. No. 6, pp. 33-34. Magistrate Judge Hummel advised Plaintiff that under 28 U.S.C. § 636(b)(1), he could lodge written objections to the report; that any objections must be filed within fourteen days; and that the failure to object to the report within fourteen days would preclude appellate review. Dkt. No. 6, p. 34. Plaintiff filed an objection to the Report Recommendation on September 2, 2016. Dkt. No. 7.

## II. Standard of Review

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III. Discussion

### A. Plaintiff's History of Litigation in this Court

As Magistrate Hummel noted in his Report-Recommendation, this is the third case Plaintiff has filed that arises out of some of the same factual allegations. Dkt. No. 6, p. 3. *See Clark v. New York State Unified Court System, 4th Judicial District, et al.*, 6:12-CV-745 (DNH/TWD) ("*Clark I*") and *Clark, et al., v. New York State, et al.*, 6:13-CV-799 (TJM/DEP) ("*Clark II*").

2

In *Clark I*, Plaintiff filed a forty-seven page complaint on May 4, 2012, alleging that a state agency and various courts and counties violated his civil rights by wrongfully subjecting him to child support orders issued in 2006 which resulted in his incarceration and the garnishment of his wages. *See Clark I*, Dkt. No. 10, pp. 1-2. On July 10, 2012, Magistrate Judge Thérèse Wiley Dancks issued a Report-Recommendation in *Clark I* recommending that the complaint be dismissed without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii), because it failed to state a claim. *Clark I*, Dkt. No. 10. Magistrate Judge Dancks noted that the court and state agency defendants are not "persons" under 42 U.S.C. § 1983; that these defendants are immune from suit under the Eleventh Amendment; and that the Plaintiff failed to allege any facts plausibly suggesting that the counties had an official policy or custom that caused Plaintiff to be subject to the denial of a constitutional right. *Clark I*, Dkt. No. 10, pp. 2-5. Magistrate Judge Dancks noted that even if the Plaintiff had named any non-immune individuals as defendants, the complaint would still likely be subject to *sua sponte* dismissal because, under the *Rooker-Feldman* doctrine, only the Supreme Court has the power to review state-court decisions. *Clark I*, Dkt. No. 10, p. 5. United States District Court Judge David N. Hurd adopted the Report-Recommendation, and dismissed Plaintiff's complaint without leave to amend. *Clark I*, Dkt. No. 15. The Second Circuit Court of Appeals dismissed Plaintiff's appeal in *Clark I* on June 3, 2013, after he failed to file a brief on appeal. *Clark I*, Dkt. No. 23.

Shortly thereafter, on July 8, 2013, Plaintiff filed another complaint in this Court, again naming several courts, judges and state officials, and again challenging family court orders issued in 2006 for child support that resulted in his incarceration and the garnishment of his wages. *Clark II*, Dkt. Nos. 1, 55, p. 2. The sixty-one page amended complaint filed on August

3

26, 2013 named sixty defendants. *Clark II*, Dkt. No. 4. Plaintiff "allege[d] widespread conspiracies among a variety of government and private actors in the State of New York to deprive him of his rights. Plaintiff s[ought] the 'expungement . . . of decisions made the Third Appellate [sic], Fulton County Supreme Court and Schenectady County Family Court' . . . and to recover a total of $200 million in damages for '54 years of Civil Rights violations." Dkt. No. 55, p. 2. Motions to dismiss were filed by the New York State defendants (Dkt. No. 11), the Gloversville Police Department defendants (Dkt. No. 33), the Fulton County defendants (Dkt. No. 34) and the Schenectady County defendants (Dkt. No. 37).

On January 17, 2014, United States District Court Judge Thomas J. McAvoy *sua sponte* dismissed Plaintiff's amended complaint for: (1) lack of subject matter jurisdiction; and (2) under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failure to state a claim upon which relief may be granted and as frivolous. Dkt. No. 55, p. 19. The Court ruled that the complaint was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine "to the extent that prior state-court judgments are the source of Plaintiff's alleged injuries." Dkt. No. 55, p. 7. The Court ruled, *inter alia*, that Plaintiff's "claims against judicial defendants are barred as they are absolutely immunity from suit;" that Plaintiff's claims of conspiracy between various state-court judges are conclusory and insufficient; that Plaintiff's claims against the court clerks were precluded under the doctrine of quasi-judicial immunity; that the state courts were entitled to immunity; and that Plaintiff failed to allege that his constitutional rights were violated by customs or official policies adopted by the county or municipal defendants. Dkt. No. 55. The Court dismissed the amended complaint in its entirety without prejudice. Dkt. No. 55, p. 19.

4

The Court notified Plaintiff "that if he persists in filing frivolous actions, he may face future filing restrictions," citing to *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005).

The Second Circuit Court of Appeals dismissed Plaintiff's appeal from the judgment in *Clark II* because Plaintiff's appeal "lack[ed] an arguable basis in law or fact." *Clark II*, Dkt. No. 67. Plaintiff then filed a motion in the district court for relief from the judgment under Rule 60(b), which the district court denied. *Clark II*, Dkt. Nos. 71, 73. Plaintiff appealed from that judgment, and the Second Circuit Court of Appeals once again dismissed Plaintiff's appeal because it "lack[ed] an arguable basis either in law or in fact." *Clark II*, Dkt. No. 80.

Less than one year later, Plaintiff filed his complaint in this case, naming over eighty defendants, many of whom he had named as defendants in *Clark I* and/or *Clark II*. Dkt. No. 1; Dkt. No. 6, p. 11-13. In addition to previously-named judges and court clerks, Plaintiff added as defendants federal judges from the Northern District of New York and from the United States Court of Appeals that had ruled against him in *Clark I* and *Clark II*. Dkt. No. 1, pp. 6-7. As Magistrate Hummel noted, this is Plaintiff's third action in the Northern District of New York which appears to challenge a 2006 child support order. Dkt. No. 6, p. 15. In this complaint Plaintiff also refers to a bankruptcy action which is alleged to have violated a "'property settlement agreement' apparently related to an agreement that [Plaintiff] would make certain payments 'in lieu of child support.'" Dkt. No. 6, p. 15. In a detailed and thorough Report-Recommendation Magistrate Hummel explained why this complaint fails to state a claim on which relief could be granted. Dkt. No. 6, pp. 15-33. Several of the bases for dismissal were identical to the grounds for dismissal in *Clark I* and *Clark I*. Dkt. No. 1, pp. 6-7. Magistrate Hummel noted, for example, that the Court "lacks subject matter jurisdiction to the extent

5

plaintiff seeks the Court to review various state court orders;" that the claims against the judges and court clerks are barred by judicial immunity; and that the claims against state agencies are barred by the Eleventh Amendment. Dkt. No. 6, pp. 15-26. Magistrate Hummel recommended that Plaintiff's complaint be dismissed with prejudice and without leave to amend. Dkt. No. 6, p. 33.

### B. Review of the Report-Recommendation

In Plaintiff's "Objection to the Report-Recommendation," he repeats many of the allegations in his complaints, without identifying a "specific objection" to the Report-Recommendation. Dkt. No. 7. Under N.D.N.Y. Local Rule 72.1(c), an objecting party must "specifically identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection." *See also* Fed. R. Civ. P. 72(b)(2) and (3) (providing that a party may file "specific written objections" to a Magistrate Judge's proposed findings and recommendations, and the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). To the extent Plaintiff has failed to make specific objections de novo review is unwarranted. *Cf. Mario v. P & C Foods Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (finding statements "devoid of any reference to specific findings or recommendations to which [a party] objected and why" insufficient to preserve appellate review).

To the extent that Plaintiff has raised specific objections to the Report-Recommendation regarding, *inter alia*, the application of 28 U.S.C. § 1915, the application of the *Rooker-Feldman* Doctrine, immunity under the Eleventh Amendment, judicial immunity and the application of *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Court has

6

reviewed those objections de novo and rejected them as without merit for the reasons set forth in the Report-Recommendation. Dkt. No. 7, pp. 3-4, 6-10. The Court has reviewed the remaining portions of the Report-Recommendation for clear error and found none. The Report-Recommendation is therefore adopted in its entirety.[2]

### C. Filing Restrictions

In the Report-Recommendation Magistrate Hummel recommended that the Court issue a filing restriction, requiring Plaintiff to seek permission from the Court prior to filing any new actions in the United States District Court for the Northern District of New York, because Plaintiff has "demonstrated a pattern of filing multiple frivolous actions arising out of the same underlying facts." Dkt. No. 6, p. 34. The Second Circuit has identified several factors that should be considered in determining whether or not to restrict a litigant's future access to the court:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3)

---

[2] Plaintiff has continued to file documents in this case, including: (1) a document entitled "writ of mandamus," challenging family court orders and seeking, *inter alia*, a ruling that family court orders dated December 18, 2000, and March 1, 2006 are unconstitutional (Dkt No. 8, pp. 5-8, 23); (2) a freedom of information act request like the one that the Court denied in *Clark II* (Dkt. No. 8-1; *see Clark II*, Dkt. No. 82); (3) a letter in support of Plaintiff's "Writ" (Dkt. No. 9); and (4) five letters describing Plaintiff's complaints and his injuries (Dkt Nos. 10-14). To the extent these filings constitute specific objections to the Report-Recommendation, the Court has reviewed them de novo and rejects them as without merit. Moreover, these filings suffer from the same defects identified in the Report-Recommendation: the "Court lacks subject matter jurisdiction to the extent Plaintiff seeks the Court to review various state orders," principles of immunity bar claims against many of the named defendants, including the United States, the judges named as defendants, and federal agencies and officials sued in their official capacities, and plaintiff fails to state a claim upon which relief may be granted. *See* Dkt. No. 6, pp. 10–33. Thus, there is no basis on which the Court can grant the relief requested in these filings.

> whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw v. New York State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005).

In this case, Plaintiff has filed three duplicative lawsuits in the Northern District of New York; in each action Plaintiff sued, *inter alia*, courts, counties and state agencies regarding support orders issued in state court. Plaintiff's actions have been vexatious and harassing; he has named multiple defendants in multiple frivolous causes of action and, after the dismissal in *Clark II*, and after Judge McAvoy warned Plaintiff that "if he persists in filing frivolous actions, he may face future filing restrictions," *Clark II*, Dkt. No. 55, p. 19, Plaintiff filed this action naming as defendants, Judge McAvoy and the other federal district court and appellate court judges who denied his earlier actions. Plaintiff could not have an objective good faith basis for prevailing on this actions after the dismissals in *Clark I* and *Clark II* and the Second Circuit Court of Appeals decisions dismissing his appeals as "lack[ing] an arguable basis in law or fact." *Clark II*, Dkt. Nos. 67, 80. Plaintiff, who has filed these actions *pro se*, has caused needless expense to other parties, including four groups of defendants whose counsel filed motions to dismiss in *Clark II*. *Clark II*, Dkt. Nos. 11, 33, 34, 37. Plaintiff has burdened the Court in responding to his lengthy, frivolous and duplicative complaints. With respect to the adequacy of other sanctions, the Court notes that Plaintiff did not heed Judge McAvoy's warning on January 17, 2014, that he may face future filing restrictions if he persists in filing frivolous actions.

Based on all of the above, the Court finds that plaintiff Michael Clark has demonstrated a pattern of filing multiple frivolous actions arising out of the same underlying facts, without any objective good faith expectation of prevailing; that his actions have been vexatious and harassing

8

and posed an unnecessary burden on the courts and their personnel; and that other sanctions may not be adequate to protect the courts and other parties because Plaintiff has persisted in filing frivolous claims after having been warned not to do so by Judge McAvoy. The Court therefore recommends that Chief Judge Glenn T. Suddaby issue an Order to Show Cause, giving Plaintiff fourteen days to respond as to why he should not be enjoined from filings in this Court without prior permission of Chief Judge Suddaby.

Accordingly, it is hereby

**ORDERED** that the Clerk is directed to terminate "Kathleen Clark, Ian Clark, and Noah Clark" as plaintiffs;

**ORDERED** that the Report and Recommendation (Dkt. No. 6) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** and without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and it is further

**ORDERED** that plaintiffs' motion to compel discovery (Dkt. No. 5) is **DISMISSED** as moot; and it is further

**ORDERED** that the motion for a writ of mandamus (Dkt. No. 8) and the letters filed thereafter, to the extent they contain requests for relief (Dkt. Nos. 9–14) are **DENIED**; and further

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore an appeal may not be taken in forma pauperis; and it is further

**RECOMMENDED** that United States District Court Chief Judge Glenn T. Suddaby issue an Order to Show Cause, giving Plaintiff fourteen days to respond as to why he should not be enjoined from filings in this Court without prior permission of Chief Judge Suddaby; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the plaintiffs by certified mail.

**IT IS SO ORDERED.**

Date: November 9, 2016
Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge